*In re* BAXTER and others, Bankrupts.

(*Circuit Court, S. D. New York.* 1886.)

1. BANKRUPTCY—PREFERENCES—BILL OF EXCHANGE.
   Where bankrupts, before insolvency or contemplation thereof, delivered their bill of exchange drawn on a certain firm, payable at a future day to certain creditors, and said creditors, after the insolvency and with knowledge that it had occurred, presented the bill to said firm, who accepted it, while ignorant of the insolvency, thereby obtaining an equitable lien for its amount upon property in their hands as consignees of the bankrupts, *held,* that the payment of the bill of exchange was not an illegal preference, although made after the bankruptcy was notorious.

2. SAME—ATTORNEY'S FEES—CREDITORS.
   Services rendered by counsel for the benefit of particular creditors only, and not for all the creditors of a bankrupt, are not allowable against the estate of said bankrupt.

In Bankruptcy. See 25 Fed. Rep. 700.
*A. P. & W. Man,* for respondents, (*Wm. F. Scott,* of counsel.)
*Abbott Bros.,* for appellant.

WALLACE, J. Baxter & Co., the bankrupts, before insolvency or contemplation thereof, delivered their bill of exchange drawn on Jones

Bros., payable at a future day, to Dennistoun, Cross & Co., creditors. Subsequently Baxter & Co. became insolvent, and Dennistoun, Cross & Co., with knowledge of the fact, presented the bill to Jones Bros. for their acceptance, and procured their acceptance; Jones Bros. at the time being ignorant of the insolvency of Baxter & Co. Jones Bros. were consignees of Baxter & Co., and upon acceptance of the bill obtained an equitable lien for its amount upon property in the hands of Baxter & Co. In due course, but after Baxter & Co. were notoriously insolvent, Jones Bros. paid the bill to Dennistoun, Cross & Co. After Baxter & Co. were adjudicated bankrupts, Dennistoun, Cross & Co., being creditors upon other demands, proved their claim upon these demands, and the assignee in bankruptcy moved to expunge, upon the ground that they had received an illegal preference by the payment of the bill of exchange.

The element of intent on the part of the bankrupts to give a preference to Dennistoun, Cross & Co. is wholly wanting in the transaction of which the assignee complains; and if there was any preference, which is gravely doubted, it was the result of circumstances beyond the control of the bankrupts, and which could not have been foreseen by them when they delivered the bill of exchange. Unless Dennistoun, Cross & Co. received some part of the bankrupt property, they did not obtain a preferential payment. It does not appear that they received anything except the money of Jones Bros. in payment of the obligation of Jones Bros. While the effect of their obtaining the acceptance of Jones Bros. was to put that firm in a position to reimburse themselves for the amount of the bill out of the property of the bankrupts consigned to Jones Bros., Dennistoun, Cross & Co. did not get the property or the avails of it. At most it would seem that they only put it in the power of Jones Bros. to obtain property of the bankrupts. They did not obtain a preference by obtaining Jones Bros.' acceptance of the bill, and it is not obvious how they would have obtained one if they had sued Jones Bros. upon the acceptance, and collected the amount by process; and unless this would have been a preference there was none in receiving payment from Jones Bros. without suit.

The order of the district court refusing to expunge the proof of debt of Dennistoun, Cross & Co., and allowing the claim to stand, was therefore right. So much of the order appealed from as allows a counsel fee of $250 to Dennistoun, Cross & Co. by way of costs upon the contestation of their claim is erroneous. Irrespective of general order No. 30 in bankruptcy, prohibiting any allowance against the estate of a bankrupt for fees of attorneys or counsel except when necessarily employed by the assignee, it is not in accordance with the well-established practice in equity to charge a fund belonging to a body of creditors with costs in favor of a particular creditor taxable as between solicitor and client when the controversy is merely one respecting the validity or extent of the creditor's claim. The services

rendered by counsel for Dennistoun, Cross & Co. were for the benefit of those creditors only, and not for that of all the creditors of the bankrupts, or of the general fund. They are not to be compensated therefor upon the principle that one jointly interested with others in a common fund, who maintains a necessary litigation to save it from waste, or secure it for the benefit of all, is entitled in equity to the reimbursement of his costs as between solicitor and client out of the fund. See *Trustees* v. *Greenough*, 105 U. S. 527, and cases there cited. The only costs which should have been allowed are those of an equity suit as between party and party prescribed by statute. Rev. St. § 823.

In all other respects the order of the district court is affirmed.